UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. C. SPIVEY, III,                    ) | 1:12-cv—00206-LJO-SKO-HC |
| Petitioner,          ) | ORDER DISMISSING AS MOOT PETITIONER'S MOTION FOR A STAY OF THE PROCEEDINGS (DOC. 12) |
| v.                                    ) | |
| M. McDONALD, Warden,      ) | ORDER REQUIRING PETITION TO FILE ANY MOTION TO AMEND THE PETITION NO LATER THAN FORTY-FIVE (45) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |
| Respondent.       ) | |
| | ORDER SETTING BRIEFING SCHEDULE FOR ANY MOTION TO AMEND |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the Petitioner's motion to stay the petition, which was filed on March 19, 2012.[1] Respondent filed an opposition to

---

[1] Petitioner styled his motion as a motion to amend the petition to add claims that Petitioner admitted were not exhausted. (Doc. 12, 1.) Petitioner cited Pliler v. Ford, 542 U.S. 225 (2004), which in turn refers to a three-step stay procedure utilized by district courts in cases where a petitioner seeks to return to state court to complete exhaustion of state court remedies as to claims ultimately sought to be included in the federal petition. Because amendment of a petition to state unexhausted claims would be futile, Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995), and because Petitioner

1

the motion on November 1, 2012.  Petitioner filed a reply on November 19, 2012.  The Court has further considered portions of the state court record that were filed by Respondent in support of its answer to the present petition, which contains only fully exhausted claims.  Respondent cited to portions of the state record in its opposition to the motion for a stay.

I. <u>Facts</u>

Petitioner raised three claims in the petition which involved a suggestive photo identification, discovery withheld by the prosecution, and jury selection error.  Petitioner seeks a stay to permit him to exhaust state court remedies as to the following new claims: 1) Petitioner was deprived of his right to have every element of the offense proved, 2) the charges were impermissibly broadened, 3) trial counsel was ineffective at unspecified critical stages of the trial, and 4) there was insufficient evidence to support a conviction of attempted robbery or a special circumstance finding.  (Doc. 12.) Petitioner intends to amend his petition to add the four additional claims after state court remedies are exhausted.

Petitioner is serving a sentence of life without possibility of parole imposed in the Merced County Superior Court (MCSC) in May 2009 for murder and attempted robbery with prior convictions. (Ans., doc. 24, 8.)  The documents before the Court establish that although Petitioner's efforts to exhaust state court remedies as to the new claims were not complete at the time the instant petition was filed, the California Supreme Court denied

---

cited <u>Pliler</u> regarding a stay, this Court construed Petitioner's motion as a motion for a stay and directed full briefing by the parties.

summarily on December 19, 2012, a petition for writ of habeas corpus that had been filed by Petitioner on October 25, 2012.[2] It may be fairly inferred from Petitioner's submissions that he had submitted the new claims to the California Supreme Court in the recently denied habeas petition.

---

[2] On appeal, the judgment was affirmed. (LD 1, LD 4.) The California Supreme Court denied Petitioner's petition for review on November 10, 2010. (LD 6.)

On February 17, 2011, Petitioner filed in the MCSC a habeas petition raising Brady error, which was denied on April 4, 2011. (LD 7, LD 8.) Petitioner filed another habeas petition in the MCSC on November 1, 2011, raising the four new claims. The MCSC denied the petition on December 7, 2011. (LD 9, LD 10.)

On January 10, 2012, Petitioner filed a petition in the California Court of Appeal, Fifth Appellate District (CCA), in which he raised the four new claims. (LD 11.) The CCA denied the petition on February 3, 2012. (LD 12.) The Court takes judicial notice of the docket of the CCA in In re W. C. Spivey III, case number F064031, which reflects the denial of the petition on February 3, 2012; correspondence from Petitioner concerning an extension of time dated February 6, 2012; notice of a new cell number filed by Petitioner on February 9, 2012; and a request from Petitioner for a face sheet of the petition (showing filing or receipt) dated March 29, 2012. Further, Petitioner filed a change of address on July 12, 2012; a letter on August 3, 2012, which was responded to by the CCA by mailing Petitioner a second copy of the denial order; and a letter on September 17, 2012, in which Petitioner requested information concerning the status of the case, to which the CCA responded by mailing another copy of the denial order.

On February 13, 2012, Petitioner filed his petition here, and he filed his motion for a stay on March 19, 2012. On March 28, 2012, Petitioner filed another petition in the MCSC raising his four new claims; the petition was denied on May 8, 2012. (LD 13, LD 14.)

Petitioner asserts in his reply that he was "never notified of the ruling on 2/3/2012." (Doc. 28, 1.) Petitioner does not state when he actually received notice of the ruling. Petitioner submits what appear to be copies of a letter written to the CCA on March 25, 2012, requesting copies of the petition's face sheet that would let Petitioner know the day the petition was received and filed; a copy of the face sheet of the petition filed in the CCA which Petitioner received; and his letter dated July 31, 2012, to the CCA, in which Petitioner gave notice of his having filed his petition, stated under penalty of perjury that he had not received a ruling, and requested a ruling. (Doc. 28, 2-7.) Petitioner states in his reply that if he had been notified of the ruling, he would have taken all steps to exhaust all state remedies. (Doc. 28, 1.)

In the opposition filed on November 1, 2012, Respondent asserts that Petitioner has done nothing to exhaust his claims since May 8, 2012. However, the Court takes judicial notice of the docket in In re Crouch (Cody) on Habeas Corpus, case number S206185, involving a habeas petition filed in the California Supreme Court on October 25, 2012. The docket reflects that the petition was denied on December 19, 2012. It appears this state proceeding constitutes part of the pending efforts to exhaust the unexhausted claims referred to in Petitioner's motion. (Doc. 12, 1.)

3

II. <u>Motion for a Stay</u>

    A. <u>Legal Standards</u>

A district court has discretion to stay a petition which it may validly consider on the merits. <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2005); <u>King v. Ryan</u>, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under <u>Rhines</u>, or under <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). <u>King v. Ryan</u>, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

Under <u>Rhines</u>, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Rhines</u>, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 277-78. A stay of a mixed petition pursuant to <u>Rhines</u> is required only if 1) the petitioner has good cause for his failure to exhaust his claims in state court; 2) the unexhausted claims are potentially meritorious; and 3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. <u>Id.</u>

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. <u>See, King v. Ryan</u>, 564 F.3d

4

1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

A stay under Rhines permits a district court to stay a mixed petition and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, a stay pursuant to the three-step Kelly procedure allows a district court to stay a fully exhausted petition, and it requires that any unexhausted claims be dismissed. Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Additionally, the Kelly procedure remains available after the decision in Rhines, and is available without a showing of good cause. King v. Ryan, 564 F.3d at 1140.

B. Rhines Stay

Petitioner does not indicate whether he seeks a Rhines stay or a Kelly stay.[3] Rhines is applicable to mixed petitions; a stay pursuant to Kelly is applicable to the petitions such as the present one, which contains only fully exhausted claims. Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Accordingly, it does not appear that a Rhines is applicable to the present case.

However, even if a stay pursuant to Rhines were theoretically available in the present case, Petitioner has not shown good cause. Petitioner's lack of notice of the CCA's denial of his petition may constitute good cause, as required by Rhines, for his delay in exhausting state court remedies during

---

[3] Petitioner's reference in his motion to Pliler v. Ford, 542 U.S. 225 (2004), does not resolve the uncertainty because Pliler involved a mixed petition, whereas Petitioner's petition contains only fully exhausted claims. Respondent opposes the motion on the ground that Petitioner failed to establish that he had good cause for his failure to exhaust the claims first in state court.

5

the pendency of the CCA petition and Petitioner's ignorance of the ruling. However, the record suggests that Petitioner was sent multiple copies of the CCA's denial order and at some point received it. Petitioner has not submitted sufficient information for the Court to determine the period for which such good cause may be applicable. Additionally, Petitioner has failed to explain why the four new claims, which relate to pretrial and trial matters, were not raised earlier in the proceedings.

In sum, although some portion of Petitioner's delay in exhausting state court remedies may be justified by Petitioner's lack of notice, the present showing is insufficient to establish good cause for the totality of Petitioner's failure to exhaust state court remedies.

### C. Kelly Stay

A federal court may not give an opinion on a moot question. Thus, when a court cannot give any effectual relief in favor of the petitioner due to intervening events, the proceeding should be dismissed as moot. Calderon v. Moore, 518 U.S. 149, 150 (1996).

Petitioner appears to have succeeded in exhausting state court remedies as to all the claims he seeks to raise. Thus, there is no longer any basis for a stay request and Petitioner's request for a stay is essentially moot. Accordingly, Petitioner's motion for a stay request will be dismissed as moot.

### III. Motion to Amend the Petition

Because it appears that Petitioner has exhausted state court remedies as to the new claims he seeks to include in the present proceeding, Petitioner's filing a motion to amend the petition in

this proceeding is no longer categorically futile.  The Court assumes that Petitioner still seeks to amend the petition. Pursuant to Fed. R. Civ. P. 15, Petitioner must have Respondent's written consent or leave of Court to amend the petition.

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for the court and the parties.  <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).  To facilitate readying this case for decision on the merits, the Court exercises its discretion to set a deadline for the filing of any motion to amend the petition to add the new claims, and to set a briefing schedule for any such motion.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Petitioner's motion for a stay of the proceedings is DISMISSED as moot; and

2)  Any motion to amend the petition shall be FILED by Petitioner no later than forty-five (45) days after the date of service of this order; and

3)  Respondent may FILE an opposition or a notice of non-opposition to any motion to amend no later than thirty (30) days after the date of service of the motion; and

4)  Petitioner may FILE a reply no later than thirty (30) days after the date of service of the opposition.

IT IS SO ORDERED.

**Dated:   January 16, 2013**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE

7